IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frank Dyer,  Case No. 3:10 CV 1072

           Plaintiff,  MEMORANDUM OPINION
AND ORDER

-vs-
                                   JUDGE JACK ZOUHARY

Can-Truck, Inc., et al.,

           Defendants.

**INTRODUCTION**

Pending before the Court is Plaintiff Frank Dyer's Motion for Ruling on Defendants Can-Truck, Inc. and Jaswinder Sekhon's affirmative defense of insufficiency of service of process, pursuant to Federal Civil Rule 12(i) (Doc. No. 45). Defendants filed an opposition (Doc. No. 49) and Plaintiff replied (Doc. No. 50).

**BACKGROUND**

This case arises from a 2008 car accident near Lima, Ohio in which Sekhon, while operating a truck owned by Can-Truck, allegedly struck Plaintiff's motorcycle and/or forced his motorcycle off the road, causing him injuries (Doc. No. 1). Plaintiff, a Michigan resident, filed suit against Sekhon, a resident of Ontario, Canada, and Can-Truck, a foreign corporation with its principle place of business in Ontario, Canada. The Court issued summonses for both Defendants the next day (Doc. No. 2).

Plaintiff attempted, unsuccessfully, to serve Can-Truck via process server in July 2010 (Doc. No. 22), and Defendants raised insufficiency of service of process as an affirmative defense in their

Answer (Doc. No. 5). In a subsequent Order, this Court encouraged the parties to amicably resolve the service issue (Doc. No. 13).

In November 2010, still unable to reach an agreement, Plaintiff filed a motion pursuant to Federal Civil Rule 4(f)(3) seeking an order authorizing service of Can-Truck via electronic mail to its defense counsel in Cleveland, Ohio (Doc. No. 25). This Court granted Plaintiff's motion, and Plaintiff subsequently emailed the Complaint and Summons to defense counsel and filed proof of service with the Court (Doc. No. 28).

Additionally, Plaintiff attempted to serve Sekhon by registered mail at his last known address and by service upon the Secretary of State pursuant to Federal Civil Rule 4(e)(2)(C) and R.C. 2703.20 (Doc. No. 36). Although the mailing to Sekhon was returned marked "Return to Sender" and "Unknown," the Franklin County Sheriff successfully served the Secretary of State (*id*.).

Nevertheless, Defendants maintain Can-Truck has not been properly served because service by email is prohibited by the Hague Convention (Doc. No. 49). Furthermore, Defendants refuse to withdraw the affirmative defense of insufficiency of service of process with respect to Sekhon (Doc. No. 5). A discussion of the grounds for Defendants' belief that Sekhon was not properly served, however, is noticeably absent from their brief in opposition to Plaintiff's motion.

## DISCUSSION

### Service of Process on Defendant Can-Truck

For jurisdiction to exist over a defendant, service of process must satisfy constitutional due process and the requirements of the Federal Rules of Civil Procedure. *Studio A Entm't, Inc. v. Active Distribs., Inc.*, 2008 U.S. Dist. LEXIS 5883, *5 (N.D. Ohio 2008). Federal Civil Rule 4(h), which

governs service of process on foreign businesses, authorizes service in any manner prescribed by Rule 4(f), the rule governing service of process on foreign individuals.

Rule 4(f)(3), allows for service "by other means not prohibited by international agreement, as the court orders." For service under Rule 4(f)(3) to be proper, it need only be (1) directed by the court, and (2) not prohibited by international agreement, including the Hague Convention. *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005). "'[T]he task of determining when the particularities and necessities of a given case require alternate service of process' is placed squarely within the sound discretion of the district court." *See Studio A Entm't, Inc.*, 2008 U.S. Dist. LEXIS 5883, at *6 (quoting *Williams v. Adver. Sex LLC,* 231 F.R.D. 483, 486 (N.D. W. Va. 2005)).

In this case, Defendants do not argue this Court abused its discretion in authorizing Plaintiff to effect service on Can-Truck by serving its defense counsel. To be sure, other courts have used authorized service on counsel under circumstances similar to those present here. *See, e.g., Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming district court's order authorizing service on defense counsel where defendant was evasive and defense counsel refused to accept service on defendant's behalf); *RSM Prod. Corp. v. Fridman*, 2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. 2007) (authorizing service on defense counsel where plaintiffs were unable, despite diligent efforts, to serve defendant foreign corporation).

Nevertheless, Defendants contend international agreement prohibits the means ordered and used for serving Can-Truck. Specifically, Defendants argue the Hague Convention, to which Canada is a signatory, does not permit service by mail or, by extension, electronic mail. However, "the only transmittal to which the Convention applies is *a transmittal abroad* that is required as a necessary part of service." *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988)

(emphasis added). Where service on a defendant's domestic agent is valid and complete, the Hague Convention does not apply. *Id.*

In *FMAC Loan Receivables v. Dagra*, for example, the district court authorized service on the Pakistani defendant's counsel in Virginia. 228 F.R.D. at 534. Although Pakistan is a party to the Hague Convention, the Convention did not apply because the plaintiff properly served the defendant's domestic agent. *Id.* In this case, Plaintiff's service of Can-Truck similarly involved no transmittal abroad; Plaintiff effected service by emailing Can-Truck's counsel in Cleveland. Thus, as in *Dagra*, the Hague Convention's prohibitions do not apply here.

Moreover, the Due Process Clause does not require an official transmittal of documents abroad every time a plaintiff serves a foreign defendant. *Schluck*, 486 U.S. at 707. Rather, to comply with due process, service under Rule 4(f)(3) need only be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Henderson v. United States*, 517 U.S. 654, 672 (1996) ("the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections"). Here, the facts do not suggest, and Defendants do not contend, Plaintiff's court-approved method of service was insufficient to apprise Can-Truck of the pendency of the action. Notably, defense counsel acknowledges receiving Plaintiff's email, has not made the Court aware of any difficulty communicating with Can-Truck and, as Plaintiff points out, continues to litigate on Can-Truck's behalf. Therefore, Plaintiff's service of Can-Truck via email to its defense counsel complies with due process.

4

**Service of Process on Defendant Sekhon**

The question of whether Plaintiff properly served Defendant Sekhon is relatively straightforward, as Rule 4(f) is not implicated. Instead, Plaintiff served Sekhon pursuant to Rule 4(e)(2)(C), which allows service on a defendant's appointed or legally-authorized agent in any judicial district of the United States. Ohio Rev. Code 2703.20 authorizes such an agent for nonresident motorists:

> Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle . . . within this state . . . by such acceptance . . . and by the operation of such motor vehicle within this state *makes the secretary of state of the state of Ohio his agent for the service of process* in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved.

(emphasis added). When a nonresident motorist appoints the Secretary of State as his agent pursuant to R.C. 2703.20, the statute provides process must be served (1) on the Secretary of State by the Franklin County Sheriff, and (2) on the defendant by registered mail to his last known address.

The facts of this case indicate Plaintiff followed the method prescribed by R.C. 2703.20. First, the Franklin County Sheriff served the Secretary of State, proof of which Plaintiff has filed with the Court (Doc. No. 36). Second, Plaintiff served Sekhon by registered mail directed to Sekhon's last known address. The fact that the mailing was subsequently returned marked "Return to Sender" and "Unknown" does not render Plaintiff's service of Sekhon invalid, as the law does not require actual notice. *See Hendershot v. Ferkel*, 144 Ohio St. 112, 119 (1954) ("actual delivery of the summons to the defendant is not essential to accomplish valid service. Valid service may be effected by 'leaving a copy at his usual place of residence'").

Therefore, Plaintiff properly served Sekhon pursuant to Rule 4(e)(2)(C) and R.C. 2703.20.

**CONCLUSION**

Defendants here have been properly served. Accordingly, this Court grants Plaintiff's Motion and dismisses Defendants' affirmative defense of insufficiency of service of process.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

                                          June 24, 2011